UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **In re:** | Case No. 19-83411-CRJ |
| | Chapter 13 |
| **THOMAS LYON,** | |
| **STELLA LYON,** | |
|     **Debtors.** | |
| | |
| **THOMAS LYON,** | |
| **STELLA LYON** | Adv. Pro. No. 19-80104 |
|     **Plaintiffs,** | |
| **v.** | |
| **BBVA COMPASS,** | |
|     **Defendant.** | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant BBVA USA, f/k/a Compass Bank ("BBVA"), by and through its undersigned counsel, hereby answers Plaintiffs Thomas and Stella Lyon's ("Plaintiffs") Complaint, and states as follows:

1. BBVA admits that Plaintiffs filed a bankruptcy petition and that the Court has jurisdiction over this adversary proceeding but denies all remaining allegations.

2. BBVA admits that this is a core bankruptcy proceeding but denies all remaining allegations.

3. BBVA admits that Plaintiffs own real property located at 42 Ray Owen Private Drive, Laceys Spring, Alabama (the "Property"). Exhibit "A" attached to the Complaint speaks for itself. BBVA admits that it holds a first mortgage on the Property securing an indebtedness of

$76,541.20 as of December 2, 2019. BBVA admits that it holds a second mortgage on the Property securing a Home Equity Line of Credit ("HELOC") with a balance of $15,976.72 as of December 2, 2019. BBVA denies that the fair market value of the Property is $71,900.00. BBVA further denies that its first mortgage exceeds the value of the Property leaving no equity to which the HELOC mortgage can attach. The remaining allegations are denied.

4. Denied.

**BBVA DENIES THAT PLAINTIFFS ARE ENTITLED TO ANY OF THE RELIEF REQUESTED, OR ANY RELIEF WHATSOEVER, FROM BBVA, INCLUDING THE RELIEF SOUGHT IN THE UNNUMBERED PARAGRAPH BEGINNING WITH "WHEREFORE, THE ABOVE PREMISES CONSIDERED".**

**UNLESS EXPRESSLY ADMITTED IN ONE OF THE FOREGOING PARAGRAPHS, ALL MATERIAL ALLEGATIONS OF PLAINTIFFS' COMPLAINT, INCLUDING ANY CONTAINED IN UNNUMBERED PARAGRAPHS, ARE DENIED.**

### DEFENSES

1. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's complaint cites 28 U.S.C. § 734 as the basis for this Court's jurisdiction over this adversary proceeding, but no code provision exists at 28 U.S.C. § 734.

3. Plaintiffs may not "strip off" BBVA's lien on the Property because BBVA's mortgage liens are not wholly unsecured. *See In re Tanner*, 217 F.3d 1357, 1358–59 (11th Cir. 2000) (*citing* 11 U.S.C. § 1322(b)(2)). Plaintiffs may not strip BBVA's lien pursuant to 11 U.S.C. § 522(f)(1)(A) because BBVA holds no judicial lien.

4. To the extent Plaintiff's claims are subject to binding, mandatory arbitration, BBVA does not waive and, in fact, expressly reserves the right to compel arbitration prior to substantially invoking the litigation process.

2

5. Any recovery is barred, or must be reduced, based on the principles of consent, acquiescence, and/or estoppel.

6. BBVA reserves the right to assert additional affirmative defenses to the extent warranted by the developments in this adversary proceeding.

**PRAYER FOR RELIEF**

WHEREFORE, BBVA respectfully requests that this Court deny Plaintiffs' request for relief in its entirety and enter judgment in BBVA's favor, and award BBVA such other and further relief that it deems just and proper.

Respectfully submitted this 18th day of December, 2019.

/s/ Jonathan P. Hoffmann
Jonathan P. Hoffmann
Balch & Bingham LLP
1901 Sixth Ave N, Suite 1500
Birmingham, AL 35203
(205) 251-8100
jhoffmann@balch.com

*Attorney for Defendant BBVA USA*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December, 2019, a true and correct copy of the above and foregoing was filed via the CM/ECF System, and served electronically.

/s/ Jonathan P. Hoffmann
Of Counsel